UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN T. GAYLES, | ) | Case No.: 5:03 CV 2416 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JACQUELINE THOMAS, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On November 24, 2003, Alvin T. Gayles ("Gayles" or "Petitioner") filed a Petition for Writ of Habeas Corpus (ECF. No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his November 12, 2002 convictions, for failure to comply with an order or signal of a police officer and breaking and entering. He asserts the following four grounds for relief: (1) No probable cause to pull me over; (2) Ineffective questioning by counsel; (3) Lack of solid evidence; and (4) False accusations of evidence. Petitioner has already served the sentence imposed for his conviction. However, the court retains jurisdiction of this Petition because it was filed while Petitioner was in custody. *Spencer v. Kemna*, 523 U.S. 1 (1998) ("in custody" requirement of 28 U.S.C. §2254 satisfied when Petitioner is in custody at the time Petition is filed and "continuing collateral consequences" of the conviction exist which present viable case or controversy). The case was referred to Magistrate Judge William H. Baughman, Jr. for preparation of a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on May 17, 2006,

recommending that the Petition be denied.

The Magistrate Judge concluded that Petitioner procedurally defaulted on all of his claims. Petitioner, through counsel, timely appealed his conviction to the Ohio Appellate Court, which affirmed his conviction. *State v. Gayles*, No. 2002CA00412, 2003 Ohio App. LEXIS 3094 (Ohio App. 5 Dist. June 16, 2003). However, Petitioner, proceeding *pro se*, did not appeal this decision in a timely manner to the Ohio Supreme Court.[1] Instead, he filed a motion for a delayed appeal seventy days after the entry of judgment from the appellate court, which was subsequently denied and dismissed. Under *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), Petitioner has failed to show "cause" or "prejudice" to excuse the untimeliness of his motion for delayed appeal.

As of the date of this Order, Plaintiff has not filed objections to the Report and Recommendation.[2]

---

[1] Ohio S. Ct. R. II, Section 2(A)(1)(a) provides that an appellant has forty-five days from the entry of judgment being appealed to file a notice of appeal in the Ohio Supreme Court.

[2] The court sent the Report and Recommendation to Petitioner's last known address but it was returned by the Post Office with the notation, "Released 8/24/04, Return to Sender." Petitioner did not leave a new forwarding address when he was released from prison. By failing to file objections, Petitioner has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

After carefully reviewing the Report and Recommendation and all other relevant documents, the court finds that the Magistrate Judge's conclusions are fully supported by the record and the controlling case law. Accordingly, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 17) as its own. Gayles' Petition for Habeas Corpus is hereby denied. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 29, 2006